■ FRANK MINOTTI et al., as Administrators of the Estate of THOMAS MINOTTI, Deceased, Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 34150.) — Judgment reversed on the law and facts and a new trial granted. Memorandum: Claimants' intestate was a student at a State School for the Blind. At the date of the accident he was 15 years old. He had defective vision but could watch television, attend the movies and ball games. On the evening of March 28, 1956 he was seen clothed in a bathrobe proceeding towards a bathroom in the dormitory. There was evidence that he had been trained how to prepare the water for a tub bath by first turning on the cold water and then adding hot water. A few minutes after the boy had been thus seen, the house father found him lying on the bathroom floor about 15 or 20 feet from the bathtub. His entire body, except the face and right lower leg, was scalded with second and third degree burns. The boy died within a few hours. The bathroom included a combination bathtub and shower. The latter was not turned on but both the hot and cold water faucets in the tub were running. The case was submitted solely upon the doctrine of *res ipsa loquitur* and an award was made based upon that principle. Upon this record there are missing two conditions necessary for application of the stated doctrine. First, the absence of proof as to how the accident happened and second, the fact that the two faucets were subject to the exclusive control of the deceased to the extent that manipulation thereof would result in a quantity of water in the tub of a safe degree of temperature. It is familiar law that in applying the doctrine of *res ipsa loquitur* there is required proof " of absence of any action on the part of the plaintiff contributing to the accident. Its purpose, of course, is to eliminate the possibility that it was the plaintiff who was responsible. * * * The plaintiff is seldom entirely static, and it is not necessary that he be completely inactive, but merely that there be evidence removing the inference of his own responsibility." (Prosser On Torts [2d ed.] p. 208.) While the judgment must be reversed we conclude that a new trial should be granted. Claimants, although relying on *res ipsa loquitur*, presented proof that the hot water flowing to the bathroom was heated in a large tank. Many years before when the system was installed a thermostatic heat control had been set to maintain the water in the tank at a temperature not to exceed 160 degrees and the setting had never been changed. The day following the accident employees of the State found the water temperature reading at the tank was 178 degrees while the temperature of the water as it flowed from the faucet at the tub was 152 degrees. The day after the first tests further examination of the system disclosed that the water temperature at the tank was 180 degrees and water flowed from the faucet at a temperature of 169 degrees. In the posture in which the case comes to us we express no opinion as to the relationship of these facts to a finding of the exercise of due care on the part of the State. Claimants are entitled, however, to a new trial. All concur. (Appeal from a judgment of the Court of Claims for claimants on a claim for damages for the death of claimants' intestate, alleged to have resulted by reason of defective hot water controls at the State School for the Blind at Batavia, New York.) Present — McCurn, P. J. Kimball, Williams, Bastow and Halpern, JJ. [7 Misc 2d 252.]

■ CHARLES E. CLARK, Plaintiff, v. LIDA B. LUNT, Defendant.— Appeal dismissed, without costs, upon stipulation.

■ TOCO REALTY CO., INC., Plaintiff, v. JAY J. WALSH, INC., Defendant.— Appeal dismissed, without costs, upon stipulation.

■ JOINT TEAMSTERS COUNCIL et al., Plaintiffs, v. BUFFALO EVENING NEWS, INC., Defendant.— Appeal dismissed, without costs, upon stipulation.